Please all rise. Hear ye, hear ye. This Honorable Appellate Court for the 2nd Judicial District is now back in session. The Honorable Mary S. Shostak is on you. You can be seated, folks. Your Honor, the 3rd and final case on the docket this morning is 2-24-0028. Next is our plaintiff's plea to the 4th High Level Senior Defendant Appellate. Arguing on behalf of the Appellant, Mr. Wayne A. Johnson. Arguing on behalf of the Appellee, Ms. Jamie R. Wambaugh. Mr. Johnson, are you prepared to proceed? I am, Your Honor. You can approach. Good morning. May it please the Court, Counsel. I represent Christopher Reynolds. Your Honors, I won't rehash what I've said in my initial or my reply brief, but I don't waive anything by not rehashing those matters. Mr. Johnson, in your reply brief, you say that Rule 311A, the provision regarding timeliness of our disposition, does not apply. Pardon me, Your Honor? That 311 does not apply to this case. Rule 311. I apologize to the Court. I'm having a little hearing problem. You say Rule 311 does not apply because this is a case involving parenting time? Yes. Not criminal responsibilities? I did say that, and I respectfully stand upon that based upon the strict reading of 311, Your Honor. But 311 is also subject to the definitions provided in Section 600 and defines criminal responsibilities, which means both parenting time and significant decision-making responsibility with respect to a child. And other cases have given an explanation for their tardiness because of 311 that applies to parenting time. Your Honor, I didn't respectfully, when I read 311, I didn't believe that in only a situation where the only issue before the Court was a request for an increase in parenting time, that 311 would necessarily apply. It certainly does apply when those other matters are included, like a change of parental responsibilities, there's no question. But respectfully, that was not before the trial court in this case. The only matter before this case, before the trial court in this case, was my client's petition to increase his visitation. And that was an amended order that was allowed right before the beginning of the trial in this matter. In your brief, you relied principally on, almost entirely on Selden. Yes, Your Honor. That's a Rule 23. Yes, Your Honor. There was no apathy's brief. Your Honor, under Rule 23, it is a proper decision to rely on, not necessarily for precedential value, but for persuasive value. And in that case, this Court ultimately concluded that the Court's decision to grant response motion for a directive finding was not against manifestly to the evidence, regardless of which standard applied. I understand, but I believe that that is based primarily on factual distinctions between Selden and this case. In this case, Your Honor, as in many, many cases, I believe that the key difference is always hashed out by reference to the record. And in this particular situation, I would like to cite to the record, and it's included as an appendix in my initial brief, the statements of the trial judge in ruling on the motion for directive finding. And I point out that at the beginning of page, record page 688, or excuse me, beginning of page 687, the Court noted that it was a two-step process in deciding a motion for directive finding. In this case, and I quote, it's whether or not they've proven substantial change in circumstances. Then, if so, the Court addresses whether or not the modification is necessary to serve the child's best interest. Further, further quoting, Your Honor, at page 689 of the record, the Court stated, the Court looks at that as a two-step process. First, the Court has determined whether or not at this stage Mr. Reynolds has established by preponderance of the evidences of substantial change in circumstances. All these cases, a lot of evidence comes in on both factors. The Court cannot consider best interest prior to considering that. That's critical. That's critical, particularly in this case. Then the Court says, if I find that a substantial change in circumstances has not occurred, the Court does not consider the modification on whether or not it is necessary to serve the child's best interest. Then, Your Honors, going forward from 689, the Court notes various changes of circumstances, but also, and I begin at 690 at the top, but it's not been proven that it is a, that is as substantial as a change. Then in the middle, it's not been proven to this Court that that's a substantial change since the entry. At the bottom, while these are changes, it's not been proven to this Court why a larger home is a substantial change. Then going over to the page 692, it has been proven there have been changes, and then the Court said these words. The legislature put the word substantial there for a reason. It's not been proven of this Court by a preponderance of the evidence when I consider all the evidence in this case, and when I consider all these changes, there's a number of them who testified to, even when I consider them in the totality of all the changes together, it's still not a substantial change in this case, a substantial change in circumstances since July 2016. It's not a substantial change going on to record page 693. It's not a substantial change in the entirety of the evidence. As a result, the petitioner has not met their burden of proof at this stage. The motion for directive finding is granted. And the reason I say that is because the Court, the trial Court, clearly applied the incorrect standard. Okay. You say that. Do you have any published opinions saying otherwise? No. Okay. A Rule 20, this is a Rule 23 order, no appellee's brief, and it's dicta in the Salve case because the Court said it made no difference. The outcome would have been the same. So the analysis there, without any pushback, is dicta. Your Honor, I think the analysis in Salve. Let me ask you this. Can he answer? Let him answer. Go ahead. Your Honor, respectfully, I think the analysis in Salve is quite clear. A statutory analysis under 610A and 610C of the statute follows the U.S. Supreme Court decisions in People v. Banker, excuse me, Banker-Cherry and the other ones I've noted in my initial brief. So the analysis, whether you are looking at a Rule 23 persuasive decision or you are considering this as the first time that this particular legislative analysis is being presented to your Honors, it follows the strict Illinois Supreme Court guidelines as far as how these statutes should be interpreted. Here's one of the points that I asked you the reasons in your rationale whether or not there's any published opinions. And the trial court relied upon rationale in published opinions. Just as in Traftis and other cases. And in this case, the trial court in the record cited to Traftis. Did he not? No. The trial court in Salve cited to that case. Yeah, cited to it. In the Salve decision. So the trial court followed a reported opinion. And also opinions from this district, Browns, for example, that applied to substantial change. And if you look at the statute, the statute provides the timing restriction on following a motion to modify is two years, not including parenting time. And the last paragraph does say parenting time may be modified at any time without a showing of serious endangerment upon a showing of changed circumstance that necessitates modification to serve the best interest of the child. But then you go on to subsection C, and that provision says, except in the case concerning modification of any restriction of parental responsibilities, any restriction on parental responsibilities, the court shall modify a parenting plan, et cetera. And it says substantial change. Parental responsibilities include parenting time. So it's any. All I can tell the court, and again, I have to rely on the persuasive authority of Salve. What about secondary sources? Did you look at Illinois Law in Practice or any secondary authorities or Westlaw Edge? They all come up with the same. Subsection C provides, subsection C applies to modification of parenting time. But in the recent, I understand sometimes treatises, Your Honor, respectfully can be wrong. All I can tell you is that the Fourth District in the Eric S. case specifically looked at the Third District case in practice and declined to follow it. And that's an unreported case too, right? That's also, unfortunately, a Rule 23 decision, but it is worthy of the... For persuasion. Yes, of consideration. But the trial courts are bound by the published opinions. The trial court was bound by a published opinion, but respectfully, there was no published opinion specifically on the analysis of the difference between 610A and 610C. Trappist does that. Pardon me? The Third District case in practice, Trappist does that. But Trappist was never cited to the trial court in this case, and it was never followed. We presume the trial court is familiar with the law and follows the law, correct? If what, Your Honor? We presume that the trial court is familiar with and follows the applicable law. I understand, but in this case, that just didn't occur. How so? How so? Because it failed to give a proper analysis, statutory analysis of the difference between 610A and 610C. He applied 610C. He applied 610C. And in the trial court, your client agreed and applied the substantial change. Your Honor, my client's attorney, as I mentioned in my reply brief, though he was rather unartful about it, argued specifically while he didn't want to mention 610A or C, he only talked about a change of circumstances, not a substantial change of circumstances. Is there any legislative history?  I'm sorry. Go ahead. The statute undertook, the legislature undertook a sort of reorganization of what we used to call custody and visitation. And it was amended in, as I understand it, 2016, where the discussion of the statute speak of allocation of parental responsibilities, parenting plan, which does include parenting time. But it was after the original, the adoption of this reworking, if you don't mind I call it, in 2017, that the legislature added the section, or excuse me, the sentence you're relying on. Have you found any legislative history on that amendment in 2017? I'm kind of surprised that I haven't, Your Honor, other than this Court's decision in the Salve case and the Fourth District's case decision in Eric S. But both of those cases at least apply, strictly apply appropriate Illinois Supreme Court analysis of how to analyze a statutory issue. Was there any way to read the statute to decide that when someone's seeking a change in parenting time only, that they need to, in order to entertain the argument that they need to show substantial change in circumstance, it seems to me that you just have to read that sentence, the second sentence, excuse me, counsel, read the second sentence in A out of the statute. The legislature certainly could have done it. Pardon me? They could have taken that section out of A, but they didn't. They didn't take it out. They added it in. Exactly. When they added it in, they didn't say substantial change in circumstance. They could have. They said it's just change circumstance best interest. They could have put substantial in there, but they didn't. And to read it any other way reads that sentence out of the statute. Exactly.  Exactly. And that section of the Statute 8 is particularly tied into the question of visitation only, not visitation in combination with other things. Respectfully, Your Honors, I'm not. Not custody or custody. It's just visitation. Yes. Yes. Mr. Johnson, you, just a little bit ago, you said that counsel for the respondent in the trial court just argued a change at page 457 of the Common Law Record. I can give you a citation to the page. I think it was at page 457 of the record in his response to the motion from Director Gordy. Christopher made a prima facie case that there was a substantial change in circumstances. And then quotes subsection C. That's page 457 of the record. Who said that? The trial court? This is counsel for the respondent. So my question is why isn't the argument that you're making here forfeited? It's not forfeited, Your Honor, because respectfully every trial judge has an obligation to make sure that the judgment they entered is correct under the proper standards of the law. That's why it's not waived. And to finish, I have another question. We talked about statutory construction. Once an appellate court or a reviewing court or the Supreme Court makes a determination and renders an opinion with regard to statutory construction and application of the law, it's presumed the General Assembly is aware of that. And when they don't act, they've acquiesced in our interpretation. Correct? Yes, Your Honor. Respectfully, I'm just not sure how that applies here. Thank you, Mr. Johnson. We'll give you an opportunity to finish. Thank you, Your Honor. Ms. Wong. May it please the Court, Your Honor. The appellant is arguing only about the incorrect standard of law based on this Court's Rule 23 in Salve and essentially arguing that that alone constitutes an abuse of discretion. In reality, what we're talking about is whether the word substantial is what is necessary to modify a parenting time or if it's just a change. But that's not the end of the question. And he completely ignores everything else that was put forth in the trial court, that the end of the question is, even if there is changes, and I acknowledge that the trial court in this case said there were changes, but he didn't find them to be substantial. But even if there are changes, you have to say that those changes necessitate a modification of the parenting time for the best interest of the children. I'm a little uncomfortable with the invitation that we step in and decide that. Well, I think that you can affirm this on any basis. And what you can see in the record is that they didn't present the evidence that said what was necessary to modify for the best interest of the children. They presented three different evidence. They have to show best interest. They do have to show best interest. And what evidence is in the record of the best interest? They have Dr. Goldstein, who they hired as an expert, who says, I believe the parenting time should be modified, but could not point to a single best interest factor as to why he thought that those things reached his conclusion. And, in fact, he said he did it, I believe his words were, because he was a competent parent. On cross-examination, when I asked him, was that one of the best interest factors, he acknowledged, no, it's not. Didn't Dr. Goldstein, I don't mean to nitpick with you, but didn't he also say the parenting plan requested by the dad would reduce the number of transitions, and that would be beneficial, in his opinion, I understand it's just an opinion, for the child who is special needs? He did. So then, again, I'm just saying, I'm uncomfortable with the invitation that we decided, when that's going to be based on credibility, and it's a very sensitive, nuanced decision, that I wonder, because it's just me, I wonder if we shouldn't give the trial court an opportunity to decide that first. And the trial court, I believe, did comment on some of those things. Even though he was focusing, at some point, on substantial change, he was commenting on even those changes didn't get to the next step. He said, and this is at page 692 of the record, he said, in fact, the evidence in this case is that the children are doing very well. Deanna's doing, according to the expert opinion, is doing very well. Emily is doing very well. There's testimony regarding acrimony, et cetera, but it didn't interfere with how the children were doing. I want to go back, though, to a couple of the questions, Justice Mullen, that you had asked before about the legislature and the change in the statute. To read the statute to require only a change and not a substantial change for parenting time completely disregards subsection C and the definitions that go with it in 600. Except that C refers to the parenting plan or allocation judgment. It doesn't say time. And A, that second sentence, this is my thinking, in section A specifically refers to parenting time. There are three things, and, yes, parenting plan includes parenting time, but my view is that the legislature was being highly specific there in that second sentence, and that's what they meant, parenting time, near change circumstances and best interests. If it's going to be the allocation or the plan, then you better come ready with a substantial change in circumstance. I think they could make that decision, and I think they didn't make that decision, and I'm concerned that reading it any other way renders that second sentence, if you didn't catch this earlier, superfluous. Well, it just reads it out of the statute. I think, though, that the second pair or the definitions have to be read in accordance with C.  And my response would be that a parenting plan includes parenting time, so when the legislature refers to parenting time in sub A, they mean just parenting time. And so if the visitation schedule is going to change from 315 to a 3 o'clock pickup, parties don't have to, or the move-on would not have to meet that substantial change requirement. I think that sounds like a policy decision that the legislature made, and I also think it's interesting, although I can't say it's significant, because I can't find any legislative history, but it's interesting that after they rework the statute that had been in place, I think, since maybe the 70s, without a big change, after they rework it, then a year later they come in and they add this. I certainly agree with you. I did try to look up the legislative history as well, but I don't know that you need to go to the history when you're right. I don't think we do, but I'm a curious person. I think it's plain language. I think the plain language in C says allocation judgment. Allocation judgment is defined as parental responsibilities. Parental responsibilities is defined as parenting time as well. So I think the two statutes, Sections A and C, don't necessarily, I think they disagree with each other. But this is... And I think they can be read harmoniously by understanding that parenting time is a more specific subset of the parenting relationship that's governed by the Act. But I respect your argument, counsel. Subsection A, in practice, was, the Court said it was a gateway to file. But did Subsection C still apply because it required what was required in terms of proof? A substantial change, correct? Correct. And when the Court is saying, or not the Court, the General Assembly is saying just circumstances in Subsection A, that is referenced in Subsection C because it includes parental responsibilities, which includes parenting time. So... Correct. So they meant to say substantial change, but they just forgot. And we know that because they added it in Sub C. Is that the argument? That's not the argument. I think that they, Subsection C is, here's how we get to it. And we are using this based on the long history of what that statute said when it was custody versus allocation of parental responsibilities or parenting time. It has always been, in every case, a substantial change was required. And to say that Judge Zalid in the trial court got this wrong, he was relying on everything that the cases that had been recorded before then all said, you need to prove a substantial change. He analyzed it under what the case law was at that time. Appellant's argument now is, well, now in this Rule 23 in Salve, this Court has given the opinion that A applies, and therefore he got it wrong. That's a deviation from the previous case law that Judge Zalid, the trial court, was relying on at the time that he entered his decision. Can we reject another district's opinion? Can you reject it altogether? Yes. You can. And you can give the reason. I think that's actually what Justice Mullen did in the Salve opinion when she looked at the traffickers' decision and said, well, I think that they gave their reasoning for it, but I don't think they needed to go down that path because the language is clear. Certainly you can do that. But there is also the Burns opinion from this case, this Court, that said substantial change. I know that counsel's argument goes on. It wasn't an issue in Burns. And by the way, am I right, you cite those four cases to say, hey, look, second district, it's all over, substantial change. But in none of those was the statutory issue before the Court. And certainly in most or all of them, none of it was a peer visitation issue. And then I'd add, and I don't mean to be going on, but Burns, Justice Jordanson herself says, this is not a minor change. I don't know if you recollect that from the opinion, but this is not a minor change. Here, this to me is an alteration of the parenting time. Which is different from the parenting plan, which was an issue in Burns. I agree with that, that they were also looking at the decision-making in part in Burns. But what I would say is that this is not just a minor change as well. I don't see Burns as really, you know, this issue is not before the Court in Burns. I don't think that any of the cases that I referenced in my, the four cases, saying this is what the second district has done in unpublished before, ever looked at the differences between A and C. I don't believe that until Salve, in this district, there was ever the analysis of are we looking under A or C. I think that there were the published opinions from the old statutory scheme that said it was substantial change, and that's what everybody practiced under. And then Salve came along, and the statute came along. Well, but the statute, that 2017, but there were no cases immediately after that section in 20, sentence was added in 2017. People continued to operate under this is what is required, and until then. That, and then the Eric S. case in the fourth district, which deviated from their previous opinions, where they said substantial change is required. And then they issued the Eric S. Rule 23, where they again agreed with you, Justice Mullin, and that substantial change is not required for parenting. You know, I would add that Eric S. also cites Jessica F. and Justin H., which is Judge DeArmond, Justice DeArmond's opinion in the fourth. And he says, although I'm not sure if it was a big issue there, he says it's for parenting time, all you need is changed circumstances, not substantial change in circumstances. From what that's worth. I agree that the cases are trending in the direction of parenting time only needs changed circumstances. Now we're going to go under A instead of C. I agree that that is the way the cases are trending. However, that was not the way those cases were not the reported cases at the time that this decision was made. Okay, so if those weren't the current cases at the time the decision was made, is it incorrect if the appellate court disagrees with what the trial court did, regardless of the fact that he was relying on published opinions? No, I think that this court, as I said, can certainly make that decision and say we are going to make the rule of law in this district. Subsection A applies, you only need to prove a change. So here's my issue with the A and the C, is you have a dad who gets off work a half an hour early, and he wants to come and get the kid up a half an hour early, so he goes to the court to ask for a change in his parenting time. Does he have to show a substantial change? I think that that falls under E, which is a minor modification because that's a half an hour. We don't have a minor modification here. Dad was speaking, I believe, Thursday overnight every other weekend and Sunday night every other weekend. That's two days out of 14, but I think that that does not constitute a minor modification. I think minor modifications are allowed when it is, you know, for the convenience of the parties getting off. You said you think the cases are trending towards just a normal change. I suppose it's substantial, but my reading of all the cases, all the cases, and when you do a Westlaw at cert standard for modification of parenting time, there's 152 cases, and the top case that's cited is Trapkis, which you cited in the brief, and there are a few outliers, but they're all Rule 23 orders. They're not published opinions, and counsel concedes that. And in the published opinions, the courts, including Trapkis, has talked about stability and maintaining stability and also the presumption that the trial court is correct. I agree with that, and I think that's why we can't just focus on whether it's substantial or just all change, but we have to focus on the statute in its entirety. It has to necessitate a modification, and I understand that you don't think that you can substitute your opinion for the trial court, but the evidence is clear that those changes were not the best interest factors were not presented by Mr. Reynolds. He focused on his own wishes. That is one of the best interest factors, and then his own experts testified that changes for the daughter, changes can be difficult for children on the autism spectrum. The guardian-led lawyer testified that that daughter herself, Deanna, needs consistency and has difficulty with change. Christopher, the respondent, said Deanna does not like change because of her anxiety. All of that evidence alone supports affirming the trial court on the basis that they didn't present enough evidence that it necessitated a modification. The evidence was on him to present all of the best interest factors or the ones that were applicable. The ones he presented were his wishes, and that's it. He didn't present any evidence. I think he talked a little bit about, if I can just finish this one point, I think he talked just a little bit about Deanna's half-brother has autism, so therefore they can bond. But the trial court in his decision rejected that altogether and said you didn't present any other evidence. So on those basis, I think that this court can affirm and say, even though if the court decides that substantial change is the standard, that we can affirm on any basis in the record and that the decision was proper. Thank you. Thank you. Thank you. Mr. Johnson. Thank you, Your Honors. Just a couple short points. First of all, even if the trial court based its decision on a decision of another district's appellate court, while that may bind the trial court, it doesn't bind this court. This court can make an independent determination of the proper statutory construction based upon the issue that we presented to the court at this time. Further, in discussing issues of the evidence, respectfully, my client should not be required to speculate how a court may or may not have decided this case had it used a proper legal standard at the time that it decided the motion for directive finding. Would it matter what standard they used to come to a conclusion? As counsel argues, this really was a big change, you know, two nights as opposed to the example I gave. Does it matter if it's substantial or not substantial? I mean, in either standard, it was all ought to have been the same. I understand, Your Honor, but we also have to look at the case law that I cited, that when an improper standard is used, that automatically means that an abuse of discretion has occurred. So could we send it back for the court to apply the proper standard? I believe it probably could. But how would that be fair because the respondent did not go into the best interest factors? I apologize again, Your Honor. I'm sorry. There was no – in your brief as well, you don't talk about the best interest factors and how they would have supported your client's position. The reason I stopped at the point that I did was because basically the words of the trial court that it couldn't go into questions of best interest or these other issues if that initial finding wasn't made. And that's why I felt I couldn't go any further, Your Honor. Your Honors, accordingly, I respectfully ask this Court to reverse, remand this matter and to clearly state the law as it should be stated based upon the case law, not only of the Rule 23 orders, but the case law indicated by the Illinois Supreme Court as to how these statutes ought to be analyzed, which I think shall be followed, that analysis. Thank you very much, Your Honors. Thank you. Counsel, thanks to both of you for your intelligent arguments today and give us something to think about. We will take this case under consideration, render a decision in due course. The Court is adjourned for the day. Thank you so much.